JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:26-cv-03057-ODW (SKx) | | Date | July 9, 2026 |
|---|---|---|---|---|
| Title | *Rubal Daniel v. Universal City Studios LLC et al* | | | |

| Present: The Honorable | Otis D. Wright II, United States District Judge | |
|---|---|---|
| Sheila English | Not reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not present | | Not present |

**Proceedings (In Chambers):**

Federal courts have subject matter jurisdiction only as authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court only if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000. *Id.* §§ 1331, 1332(a). The removal statute is strictly construed against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. *Id.* The court must remand the action *sua sponte* "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c); *United Inv'rs Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004).

Where a defendant invokes diversity of citizenship as the basis of the court's subject matter jurisdiction, the Supreme Court has consistently held 28 U.S.C. § 1332 requires complete diversity. *E.g. Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005). The presence of a single defendant from the same state as a single plaintiff deprives federal courts of original diversity jurisdiction. *Id.* However, district courts may disregard the citizenship of defendants who have been fraudulently joined for the purposes of assessing complete diversity. *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (citing *Chesapeake & Ohio Ry. Co. v. Cockrell*, 232 U.S. 146, 152 (1914)). A

fraudulently joined defendant is one against whom the plaintiff "fails to state a cause of action . . . and the failure is obvious according to the settled rules of the state." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) (quoting *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)).   However, "there is a general presumption against fraudulent joinder." *Id.*  It is not enough to show that a plaintiff is unlikely to prevail on her claim; the defendant must show by clear and convincing evidence that there is no "*possibility* that a state court would find that the complaint states a cause of action against any of the [non-diverse] defendants." *Grancare*, 889 F.3d at 548 (citing *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009)); *Hamilton Materials*, 494 F.3d at 1206; *Padilla v. AT & T Corp.*, 697 F. Supp. 2d 1156, 1158 (C.D. Cal. 2009) ("[A] non-diverse defendant is deemed a [fraudulent] defendant if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned.").

Plaintiff Rubal Daniel filed this action in state court against Defendant Universal City Studios LLC and "Barbara R.", whom we now know to be Barbara Rayo, a California citizen. (Decl. Patrick Babajanian ISO Notice Removal Ex. A ("Form Compl."), Dkt. No. 5; Compl., Dkt. No. 15.)  Based on a review of the documents filed in connection with removal, from which it appears that Rayo is neither diverse in citizenship from Daniel nor fraudulently joined, the Court ordered the parties to show cause in writing why this matter should not be remanded for lack of subject matter jurisdiction.  (Order Show Cause, Dkt. No. 16.)

The Court has reviewed Defendants' Response to the Order to Show Cause, (*see* Resp., Dkt. No. 18), and their evidence, (*see* Decls., Dkt. Nos. 20–21), and finds that Defendants have failed to establish by clear and convincing evidence that there is *no possibility* Daniel could recover against Rayo based on the current pleading or an amended pleading, *see Grancare*, 889 F.3d at 549–50.  And while Daniel's method of naming Rayo is perhaps improper—and the Court makes no express finding in this regard—nothing would have precluded Daniel from later properly amending his complaint to name Rayo and cure any pleading deficiencies.  *See Gallegos v. Costco Wholesale Corp.*, No. 2:20-cv-03250-DMG (GJSx), 2020 WL 2945514, at 83 (C.D. Cal. June 2, 2020) (finding remand proper even where an operative complaint was deficient if the defendant failed to prove that there was "no possibility" that the plaintiff could prevail on any cause of action brought against a non-diverse defendant).  This, especially in light of the fact that Rayo was already identified in the form complaint.  As such, the Court cannot conclude that Rayo is fraudulently joined and thus cannot disregard Rayo's citizenship for the purposes of diversity jurisdiction.  Therefore, the Court lacks subject matter jurisdiction and must remand.

In light of this disposition, the Court **DENIES** Defendants' Motion to Dismiss **AS MOOT**, (Dkt. No. 41), and **VACATES** the associated July 13, 2026 hearing.  The Court also

finds that removal was not objectively unreasonable. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (holding plaintiffs should not be awarded attorneys' fees for removals that are not objectively unreasonable). As such the Court **DENIES** Daniel's request for attorneys' fees and costs and **DENIES** the balance of his motion to remand **AS MOOT**. (Dkt. No. 27.)

Accordingly, this action is hereby **REMANDED** to the Superior Court of the State of California, County of Los Angeles, Burbank Courthouse, 300 East Olive Avenue, Burbank, CA 91502, Case No. 25NNCV07522.

**IT IS SO ORDERED.**

_____ : __00__

Initials of Preparer    SE

---